JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UBS SECURITIES LLC, | ) | Case No. CV 14-3997 FMO (MANx) |
| Movant, | ) | |
| | ) | |
| v. | ) | **ORDER RE: MOTION TO TRANSFER** |
| | ) | |
| THIRD EYE CAPITAL CORPORATION, | ) | |
| Respondent. | ) | |
| _____ | ) | |

Having reviewed and considered all the briefing filed with respect to the Motion of UBS Securities LLC to Transfer UBS' May 30, 2014 Motion to Compel Against Third Eye Capital to the United States District Court for the Southern District of New York ("Motion"), the court concludes that oral argument is not necessary to resolve the Motion.  See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

**BACKGROUND**

This is a subpoena-enforcement action relating to a case pending in the Southern District of New York.  In August 2012, UBS Securities LLC ("UBS") filed suit against Aemetis, Inc. ("Aemetis") in the Southern District of New York, alleging that Aemetis failed to pay UBS for financial services in accordance with their fee agreements.  (See Motion at 1; Declaration of [UBS' New York counsel] Charles R. Jacob III, dated June 2, 2014 ("Jacob Decl.") at ¶ 2).  The Southern District of New York action, UBS Securities LLC v. Aemetis, Inc., Case No. CV 12-6359 ("S.D.N.Y. action"), was assigned to United States District Judge Ronnie Abrams, who referred the case to

1  mediation before United States Magistrate Judge Andrew J. Peck.  (See Motion at 1; Jacob Decl.

2  at ¶ 3).  The mediation conducted before Magistrate Judge Peck led to a monetary settlement

3  between UBS and Aemetis.  (See Motion at 1-2; Jacob Decl. at ¶¶ 3-4).  While Aemetis made

4  several payments, Aemetis defaulted on the settlement agreement in or about September 2013.

5  (See Motion at 2; Jacob Decl. at ¶ 5).  UBS moved for judgment in the S.D.N.Y. action.  (See

6  Jacob Decl. at ¶ 5).  In October 2013, Magistrate Judge Peck entered judgment against Aemetis

7  for $2.3 million.  (See id. at ¶ 6; id., Exhibit ("Exh.") 1).  In December 2013, Judge Abrams referred

8  post-judgment discovery to Magistrate Judge Peck.  (See id. at ¶ 8; id., Exh. 2).

9       In order to enforce the judgment, UBS has sought third-party discovery concerning

10  Aemetis.  (See Motion at 2).  In particular, UBS sought discovery from various "third parties with

11  relevant information concerning Aemetis' assets."  (Id.).  In deposition, Aemetis' CEO testified that

12  Third Eye Capital Corporation ("Third Eye") is a major shareholder of Aemetis' shares, and that

13  Third Eye's authorization is required in order to pay UBS.  (See Declaration of [UBS' California

14  counsel] Louis Shoch ("Shoch Decl."), Exh. 2 at ¶ 15; id., Exh. I at 25 & 39-40) ("Q. Does Aemetis

15  need Third Eye Capital's approval to pay any amount to UBS?  A: Yes.").

16       On November 8, 2013, UBS served Third Eye with a subpoena that issued from the Central

17  District of California.  (See Motion at 3; Shoch Decl., Exh. A ("UBS Subpoena")).  Third Eye is

18  registered with the California Secretary of State to do business in California.  (See Motion at 2;

19  Shoch Decl. at ¶ 2; id., Exh. A-1).  However, Third Eye is based in Toronto, Canada.  (See Shoch

20  Decl., Exh. A-1; id., Exh. I at 39).  In the subpoena, UBS seeks the production of "[a]ll documents

21  concerning assets of Aemetis" and "[a]ll documents concerning or comprising requests by Aemetis

22  to Third Eye for permission or authorization for Aemetis to pay a third party."  (UBS Subpoena at

23  Request Nos. 1 & 5).

24       On November 29, 2013, Third Eye served its subpoena response.  (Shoch Decl. at ¶ 3; id.,

25  Exh. B ("Third Eye Subpoena Response").  In its response, Third Eye asserted that its "principal

26  place of business is in Toronto, Ontario," and that "all of the responsive documents are also in

27  Toronto, Ontario."  (Third Eye Subpoena Response at 3).  As for California, Third Eye asserted

28  that "[n]o person at the address identified on the subpoena has actual possession or custody of

1    the business records the subpoena requests, to the extent they even exist." (Id. at 2).  In February

2    2014, Third Eye's counsel further informed UBS that Third Eye "has no actual presence in the

3    state of California (beyond being qualified to do business here) . . . .  There is no one to depose

4    in California, there are no documents in California etc." (Shoch Decl., Exh. G).  On May 30, 2014,

5    UBS filed a motion to compel against Third Eye.  (See Motion at 4).  On June 3, 2014, UBS filed

6    the instant motion to transfer to the Southern District of New York, where Magistrate Judge Peck

7    is presiding over post-judgment discovery.  (See id. at 1-2).

8                                    **LEGAL STANDARD**

9            Federal Rule of Civil Procedure 45,[1] which governs subpoenas, was substantially amended

10   last year, with its amendments taking effect on December 1, 2013.  The subject subpoena issued

11   in November 2013, prior to the effective date of the amendments.  (See UBS Subpoena).

12   However, Federal Rule of Civil Procedure 86 provides that amendments to the Federal Rules

13   govern the "proceedings after [the effective date] in an action then pending," unless "the Supreme

14   Court specifies otherwise," or applying the amendments "would be infeasible or work an injustice."

15   Fed. R. Civ. P. 86(a)(2).

16           The amended version of Rule 45 requires that subpoenas be issued "from the court where

17   the action is pending."  Fed. R. Civ. P. 45(a)(2).  If compliance is required elsewhere, Rule 45(f),

18   a new provision, permits the compliance court to "transfer a motion . . . to the issuing court if the

19   person subject to the subpoena consents or if the court finds exceptional circumstances."[2]  Fed.

20   R. Civ. P. 45(f).

21

22   _____

23       [1]  Unless otherwise indicated, all "Rule" references are to the Federal Rules of Civil Procedure.

24       [2]  Under the prior version of Rule 45, courts could also transfer to the court overseeing the
     underlying litigation.  See F.T.C. v. A+ Fin. Center, LLC, 2013 WL 6388539, *3 (S.D. Ohio 2013)

25   ("it is within the discretion of the issuing court to transfer subpoena-related motions to the court
     overseeing the underlying case"); In re Digital Equip. Corp., 949 F.2d 228, 231 (8th Cir. 1991)

26   ("While the Oregon district court initially has exclusive jurisdiction . . . it may in its discretion remit
     the matter to the court in which the action is pending."); Wright & Miller, 9A Fed. Prac. & Proc. Civ.

27   § 2463.1, at 520 (3d ed. 2008) ("it is also within the discretion of the district court that issued the
     subpoena to transfer motions involving the subpoena to the district in which the action is

28   pending").

1       The Advisory Committee Notes for the 2013 Amendment provide guidance as to when

2 "exceptional circumstances" may be found:

3           The prime concern should be avoiding burdens on local nonparties subject

4           to subpoenas, and it should not be assumed that the issuing court is in a

5           superior position to resolve subpoena-related motions.   In some

6           circumstances, however, transfer may be warranted in order to avoid

7           disrupting the issuing court's management of the underlying litigation, as

8           when that court has already ruled on issues presented by the motion or the

9           same issues are likely to arise in discovery in many districts.  Transfer is

10          appropriate only if such interests outweigh the interests of the nonparty

11          served with the subpoena in obtaining local resolution of the motion.

12 2013 Adv. Comm. Notes to Fed. R. Civ. P. 45.

13 **DISCUSSION**

14       Third Eye has not consented to transfer to the Southern District of New York.  (See

15 Opposition of Third Eye Capital to Motion to Transfer ("Opp.") at 2).  Thus, the court may only

16 transfer the motion related to the subpoena to the Southern District of New York upon a finding

17 of exceptional circumstances.

18 I.      APPLICATION OF FEDERAL RULE OF CIVIL PROCEDURE 45(f).

19       The court first considers whether Rule 45(f) applies to UBS' motion to compel.  The rule

20 permits a transfer "[w]hen the court where compliance is required did not issue the subpoena."

21 This court issued the subpoena, because Rule 45(a)(2)(c) previously required the subpoena to

22 issue from the court for the district where the document production was to be made.  Third Eye

23 asserts that the motion should be denied, because the UBS subpoena issued in California, and

24 Rule 45(f) only permits transfer to the "issuing" court. (See Opp. at 2 & 4).  Under the current Rule

25 45, however, the subpoena would have issued from the Southern District of New York, because

26 it arises from the S.D.N.Y. action.  See, e.g., Fed. R. Civ. P. 45(a)(2); UBS Subpoena at Request

27 No. 3 (requesting communications regarding "UBS Securities LLC v. Aemetis, Inc., 12-cv-6359

28 (RA) (S.D.N.Y.)."

1    Recent cases that have addressed Rule 45 subpoenas issued prior to December 1, 2013

2    have found that the court overseeing the underlying litigation should be treated as the "issuing"

3    court.  See, e.g., Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co., 2014 WL 3378011, *2-3

4    (N.D. Cal. 2014) (finding that Rule 45(f) applies and treating the court overseeing the underlying

5    action as the issuing court); Wultz v. Bank of China, Ltd., 2014 WL 2257296, *4  (D.D.C. 2014)

6    (same).  In this case, UBS issued the subpoena for the purpose of securing payment in the

7    S.D.N.Y. Action.  (See UBS Subpoena at Request No. 3) (requesting communications regarding

8    "payment of the judgment in UBS Securities, LLC v. Aemetis, Inc., 12-cv-6359 (RA) (S.D.N.Y.)").

9    The court finds the reasoning in Moon Mountain Farms and Wultz persuasive, and that Rule 45(f)

10   is applicable.  The court also finds that it would not be "infeasible" or "work an injustice" to apply

11   Rule 45(f), and that the Supreme Court has not prohibited the application of Rule 45(f) to pending

12   cases.  See Fed. R. Civ. P. 86(a)(2).  Under the current version of Rule 45, the Southern District

13   of New York should be treated as the issuing court.  See Moon Mountain Farms, 2014 WL

14   3378011, at *2-3; Wultz, 2014 WL 2257296, at *4.

15   II.    EXCEPTIONAL CIRCUMSTANCES.

16        The court where compliance with a subpoena is sought has the discretion to transfer related

17   motions to the issuing court upon a finding of "exceptional circumstances."  Fed R. Civ. P. 45(f).

18   Exceptional circumstances include instances where transfer is "warranted in order to avoid

19   disrupting the issuing court's management of the underlying litigation," such as where "the same

20   issues are likely to arise in discovery in many districts."  2013 Adv. Comm. Notes to Fed. R. Civ.

21   P. 45.  In the S.D.N.Y. action, the court referred post-judgment discovery to Magistrate Judge

22   Peck.  (See Motion at 2).  UBS has sought additional discovery from other "third parties with

23   relevant information concerning Aemetis' assets."  (See id.).  Moreover, Magistrate Judge Peck

24   has addressed similar discovery disputes as to another third party, The Seaport Group.  (See UBS

25   Securities LLC's Reply in Support of Motion to Transfer at 4-5; id., Exh. A).  Thus, there is a

26   substantial likelihood that the same or similar discovery issues will arise.  Transfer to the Southern

27   District of New York would avoid disruption of the S.D.N.Y. action and would decrease the risk of

28   inconsistent results.  See Cont'l Auto Sys., U.S., Inc. v. Omron Auto Elec., inc., 2014 WL 2808984,

1  *2 (N.D. Ill. 2014) (finding exceptional circumstances under Rule 45(f) due to the risk of

2  inconsistent rulings).

3        In addition, the Southern District of New York is in a better position to rule on the motion

4  to compel due to its familiarity with the scope of the S.D.N.Y. action.  See Wultz, 2014 WL

5  2257296, at *7 (finding exceptional circumstances exist due to transferee court's "familiarity with

6  the full scope of issues involved as well as any implications the resolution of the motion will have

7  on the underlying litigation").  Under the circumstances, "such interests outweigh the interest of

8  the nonparty served with the subpoena in obtaining local resolution of the motion."  2013 Adv.

9  Comm. Notes to Fed. R. Civ. P. 45.  While Third Eye contends that it would be burdensome to

10  litigate in New York, (see Opp. at 4), Third Eye does not have any interest in obtaining resolution

11  in the Central District of California.  Third Eye asserts that it has no presence in California.  (See

12  Joint Stipulation on Motion of UBS Securities, LLC to Compel Third Eye Capital to Produce

13  Documents in Response to Subpoena Duces Tecum, dated May 30, 2014, at 4) ("Third Eye

14  Capital ('TEC') is authorized to conduct business in California.  But, it has no presence in

15  California, no employees in California and no documents in California.").  Third Eye "has no on-

16  going business in California," and its California "agent for service of process has no control over

17  any documents responsive to the subpoena."  (Id. at 5-6).  In short, Third Eye has no relevant

18  witnesses or documentary evidence in California, so it has no meaningful connection to California

19  for the purposes of the subpoena.  As for the purported need to retain counsel in New York, (see

20  Opp. at 4), Rule 45 permits Third Eye's present counsel to "file papers and appear on the motion

21  as an officer of the issuing court."  Fed. R. Civ. P. 45(f).  In short, the court is persuaded that

22  "exceptional circumstances" exist and warrant transfer to the Southern District of New York.

23                                                    **CONCLUSION**

24        Based on the foregoing, UBS' motion to transfer **(Document No. 10)** is **granted**.  The

25  above-captioned matter shall be transferred to the Southern District of New York.

26  Dated this 21st day of October 2014.                    /s/

27                                                    Fernando M. Olguin
                                                    United States District Judge

28